[Civ. No. 2146. First Appellate District.—September 7, 1917.]

J. BLUM, Appellant, v. L. C. SIMPSON, Respondent.

SLANDER—INJURY TO BUSINESS—NOMINAL AND PUNITIVE DAMAGES UNWARRANTED.—In an action for damages for alleged slander, the plaintiff is not entitled to nominal and punitive damages, where defendant, who was engaged in the business of house to house distributing of circulars, in the course of a conversation with a customer of plaintiff, who was engaged in a similar business, called attention to the fact that police officers had complained to him as to the manner in which circulars advertising the customer's business were being circulated, believing that defendant was doing the distributing, there being nothing more done by defendant than to relate the fact and it making no impression upon the customer, who testified that he would continue to deal with plaintiff.

APPEAL from a judgment of the Superior Court of Alameda County. Wm. S. Wells, Judge.

The facts are stated in the opinion of the court.

Leon A. Blum, and M. D. Wolff, for Appellant.

Dunn, White & Aiken, for Respondent.

KERRIGAN, J.—This action was for slander. Plaintiff is engaged in the business of house to house distributing of circulars and advertising matter throughout the county of Alameda and elsewhere. Defendant is engaged in a similar business. In support of his action for damages plaintiff claims that defendant called upon a certain firm, one of plaintiff's customers, and without being in any way requested,

volunteered information to one of the members thereof which was derogatory to the character and business ability of plaintiff, and which tended directly to injure plaintiff's reputation, and to shake the confidence the members of such firm had in plaintiff, and which further tended to cause to plaintiff irreparable loss. Judgment went for defendant, and plaintiff appeals.

There are no specifications of error, but it is insisted that the evidence entitled plaintiff to at least nominal and punitive damages and costs.

We cannot so conclude. The evidence shows that defendant called upon a firm known as Smith Brothers, to solicit work, and during the course of a conversation had with one of the members of the firm called attention to the fact that police officers in Oakland and Berkeley had complained to defendant concerning the manner in which circulars advertising Smith Brothers' business were being circulated, believing that defendant was doing the distributing. That the police officers had complained to defendant is not disputed; and the record fails to show that the defendant did anything more than merely relate the fact during the course of the conversation. There is no evidence to show that this statement resulted in any damage to the plaintiff, but, on the contrary, it affirmatively appears that it made no impression whatever on John Smith, to whom it was made, for he testified that he had confidence in the plaintiff and would continue to deal with him as he had theretofore. Defendant sustained no loss by reason of the statement, nor was he in any manner prejudiced by it.

Judgment affirmed.

Lennon, P. J., and Richards, J., concurred.